**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **Omar Darwich**, an individual<br><br>Plaintiff,<br><br>*versus*<br><br>**Tobias & Associates LLC, *dba* GetMeHealthCare,**<br>a Florida Limited Liability Company<br><br>Defendant,<br><br>And<br><br>**Michael Tobias**<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.3:25-cv-157<br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

## INTRODUCTION

Plaintiff, Omar Darwich, brings this Complaint against Defendant Tobias and Associates, dba GetMeHealthCare LLC, (“GetMe”), and Defendant Michael Tobias (“Tobias”) to stop their illegal practice of placing unsolicited telephone calls in violation of the Telephone Consumer Protection Act (“TCPA”) and related state laws. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief.

## PARTIES

1. Plaintiff Omar Darwich (hereinafter “Darwich”) is an individual residing in or near El Paso, County Texas and was present for all causes of action complained of herein within El Paso, Texas.
2. Darwich may be served any relevant papers via email at: omar@darwichlegal.com
3. Defendant Getme is a limited liability company organized and existing under the laws of Florida and can be served via its registered agent Michael Tobias, 123 NW 13th St., 101, Boca Raton, Florida 33432.
4. Defendant Tobias is the principle owner and operator of Defendant Getme, and can be served at 123 NW 13th St., 101, Boca Raton, Florida 33432.
5. Defendant Getme and Defendant Tobias are referred hereinafter as “Defendants”.

## JURISDICTION AND VENUE

6. This action is brought by Darwich pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").
7. This Court has jurisdiction over the subject matter of the claims under the TCPA claims pursuant to 47 U.S.C. § 227(g)(2). This Court further has jurisdiction over the subject matter of the claims pursuant to 27 U.S.C. § 1331, and has pendant jurisdiction over the subject matter of the claims under the Texas Business and Commerce Code and Fla. Stat. Ann § 501 pursuant to 28 U.S.C. § 1367.
8. This Court has specific personal jurisdiction over the Defendants as they authorized telemarketers to place calls on their behalf to Texas residents, derive or derived revenue from Texas residents, and sell goods and services to Texas residents and have otherwise availed themselves to the State of Texas.
9. Venue of this suit lies in the Western District of Texas, El Paso Division pursuant to 47 U.S.C. § 227(g)(4) because violations of the TCPA occurred within the Western District of Texas, as more specifically alleged below. Venue further lies in the Western District of Texas, El Paso Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of events giving rise to the claim alleged herein occurred within the Western District of Texas,

## STATEMENT OF FACTS

10. Darwich's cell phone (915)-333-5156 has been registered on the National Do-Not-Call Registry since November 16, 2024.

11. Darwich has never instructed the National Do-Not-Call Registry administrator to remove him from the National Do-Not-Call Registry. Darwich has been on the National Do-Not-Call Registry at all times relevant to this Complaint.
12. Darwich's number is a residential number.
13. Darwich's telephone number is used for personal purposes and is not associated with business.
14. At all times relevant to this complaint, Darwich has been a resident of El Paso County, Texas.
15. Defendant Getme is a Florida LLC that serves as "insurance specialists".
16. Defendant Getme sells health insurance.
17. Defendant Getme advertises that they "are pioneers in providing health insurance **over the phone**". (emphasis added) (Exhibit A).
18. Defendant Tobias is the owner of Defendant Getme.
19. Defendant Tobias is a licensed insurance agent.
20. Defendant Tobias' Texas Insurance License Registration Number is 1266161.
21. In an effort to market and generate sales, Defendant Tobias markets Defendant Getme's services via telemarketing.
22. Defendant Tobias directed Defendant Getme to target residents, such as Plaintiff, in Texas.
23. Thus, Defendants purposefully sent phone calls to Texas residents, such as Plaintiff to solicit leads and clients.
24. In efforts to boost potential clients and generate mass leads, Defendants contracted with call centers, presumably located overseas.

25. Defendants authorizes payments to these calling centers.
26. Defendants approve the scripts, qualifying questions, and manner in which these calling centers solicit.

**The Illegal Calls**

27. For each and every call alleged herein initiated to Plaintiff's telephone line, Plaintiff suffered the injury of the occupation of the telephone line by unwelcome calls, making the phone call unavailable for legitimate callers or outgoing calls, including emergency calls.
28. Additionally, Plaintiff suffered nuisance and annoyance. Plaintiff was forced to go to the unnecessary trouble of answering the calls, dealing with constant interruptions and distraction.
29. The true identity of the caller was never revealed in any of the identified illegal calls alleged below.
30. Rather the callers would state vague or generic references to health insurance.
31. Each call Darwich received contained a "spoofed" telephone number.
32. A "spoofed" telephone number is a number that a caller displays on their caller id that is not the actual number they are calling from.
33. 915 is the area code for the city in which Darwich resides (El Paso).
34. All of the calls contained the 915 area code.
35. On January 29, 2025 at 12:13PM, Darwich received a call from 915-751-7118.
36. The caller was soliciting for health insurance.
37. Darwich hung up.
38. Darwich received another call on March 18, 2025 at 3:53PM from 915-247-2657.

39. The caller was soliciting for health insurance.
40. Darwich explicitly stated "please never call me again" and hung up.
41. On March 28, 2025, Darwich received a call from 915-642-4707.
42. The caller was soliciting for health insurance.
43. Darwich hung up.
44. Darwich received another call on April 7, 2025 from 915-339-5302.
45. The caller was soliciting for health insurance.
46. Darwich hung up.
47. Darwich received another call on the same date from 915-317-5302.
48. The caller was soliciting for health insurance.
49. Darwich hung up.
50. Darwich received three soliciting calls on April 8, 2025 form 915-877-3926, 915-272-5298, and 916-759-6783.
51. All three calls were solicitations for health insurance.
52. Darwich hung up on each call.
53. On April 9, 2025, Darwich received a call from 915-272-1934.
54. The caller was soliciting health insurance.
55. Darwich made a do not call request and hung up.
56. Darwich received another call from 915-938-5217.
57. The caller was soliciting health insurance.
58. Darwich made a do not call request and hung up.
59. Darwich received another call from 915-626-2868 on April 28, 2025.
60. The caller was soliciting health insurance.

61. Darwich hung up.

62. On the same day, April 28, 2025, Darwich received a call from 915-751-2577.

63. The caller was soliciting health insurance.

64. Darwich hung up.

65. On April 30, 2025, Darwich received a call from 915-226-0564.

66. The caller was soliciting health insurance.

67. On this call, Darwich engaged in the telephone conversation to discovery the true identity of the caller.

68. Darwich's efforts were successful and the Defendants were identified.

69. Defendants employ outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

70. Darwich has never provided his prior express written consent to receive any of the calls.

71. The calls were nonconsensual encounters that were not made for emergency purposes.

72. The calls were placed while knowingly ignoring the national do-not-call registry.

73. The calls were placed without training their agents/employees on the use of an internal do-not-call policy.

74. The calls were aggravating, frustrating, time consuming, and annoying.

75. In preparing this lawsuit, Darwich attempted to call back the callers and discovered that each line was disconnected or unavailable.

**The Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227**

76. Darwich realleges paragraphs one through seventy-five and incorporates them herein as if set in forth here in full.

77. The TCPA restricts the use of telemarketing tactics that could be seen as a nuisance and an invasion of privacy to consumers. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

78. According to the Federal Communications Commission ("FCC"), "[U]n wanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls".

79. As a result, in enacting the TCPA, Congress intentionally created a legally enforceable bounty system, not unlike *qui tam* statutes, to incentivize the assistance of aggrieved private citizens to act as "private attorney generals" in enforcing federal law.

80. Pursuant to 47 U.S.C. § 227(c)(1), the FCC adopted regulations establishing a national "do not call" database and prohibiting any person from making or transmitting a telephone solicitation to the telephone number of any subscriber included in such database, which regulations are set forth at 47 C.F.R § 64.1200(c), and promulgate in relevant part:

> No person or entity shall initiate any telephone solicitation to: …
>
> (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government…

81. Additionally, the TCPA, at 47 U.S.C. §227(c)(5), provides for a private right of action, as follows:

> Private right of action. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in **violation of the regulations prescribed under this subsection** may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—
>
> (A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

> (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages **for each such violation,** whichever is greater, or
>
> (C) both such actions. (emphasis added).

**The FTSL, at Fla. Stat. § 501**

82. Darwich realleges paragraphs one through eighty-one and incorporates them herein as if set in forth here in full.

83. The FTSL, at Fla. Stat. § 501.059, states in relevant part as follows:

> (2) Any telephone solicitor who makes an unsolicited telephonic sales call to a residential, mobile, or telephonic paging device telephone number shall identity himself or herself by his or her true first and last names and the business on whose behalf he or she is soliciting immediately upon making contact by telephone with the person who is the object of the telephone solicitation…
>
> (b) It shall be unlawful for nay person who makes telephonic sales call or causes a telephonic sales call to be made to fail to transmit or cause not to be transmitted the originating telephone number and, when made available by the telephone solicitor's carrier, the name of the telephone solicitor to any caller identification service in use by a recipient of a telephonic sales call… If a telephone number is made available through a caller identification service as a result of a telephonic sales call, the solicitor must ensure that telephone number is capable of receiving telephone calls and must connect the original call recipient, upon calling such number, to the telephone solicitor or to the seller on behalf of which telephonic sales call was placed…
>
> (10)(a) A called party who is aggrieved by a violation of this section may bring an action to:
> 1. Enjoin such violation.
> 2. Recover actual damages of $500, whichever is greater.
> (b) If the Court finds that the Defendant willfully or knowingly violated this section or rules adopted pursuant to this section, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available in paragraph (a)…

**The Texas Business and Commerce Code § 302.101**

84. Darwich realleges paragraphs one through eighty-three and incorporates them herein as if set in forth here in full.
85. Section 302.101 of the Texas Business and Commerce Code prohibits a seller from "mak[ing] a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made.
86. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such.
87. A person who violates this chapter is subject to a civil penalty of not more than $5,000 for each violation including all reasonable costs of the prosecuting action. Tex. Bus. & Comm. 302.302(a), (d).

**Common Law Fraud**

88. Darwich realleges paragraphs one through eighty-seven and incorporates them herein as if set in forth here in full.
89. Texas courts recognize a variety of fraud related claims.
90. These claims include but are not limited to fraudulent misrepresentation.
91. After engaging in the April 30, 2025, call to discover the identity of the call source, Darwich expressly and explicitly told the caller that he was not interested and would call back if he changed his mind.
92. During the call, Darwich was emailed a document for electronic signing using a program called "Gorilla Docs".(Exhibit B).
93. This document was emailed to Darwich on April 30, 2025 at 10:31AM.

94. At no point in time did Darwich sign this document.

95. However, minutes after disconnecting the call, Darwich received an email at 10:38AM (same day) from notices@healthcare.gov.

96. This email stated "Application Submitted: Pick your plan". (Exhibit C).

97. Defendants had their agent submit Darwich's application without Darwich's consent or in the alternative, forged Darwich's electronic signature and submitted the application.

**Personal Liability of Defendant Tobias**

98. Darwich realleges paragraphs one through ninety-seven and incorporates them herein as if set in forth here in full.

99. Defendant Tobias is no stranger to TCPA and violations.

100. Defendant Tobias has been sued at least two times in separate TCPA actions. (*Hill v. Tobias & Associates*, *et al.*, and *Dobronski v. Tobias & Associates Inc.*, *et al*.).

101. Rather than adhere to TCPA regulations, Defendant Tobias explicitly directs and manages his company Defendant Getme to act deceptively.

102. In fact, Defendant Tobias goes as far as ensuring that Defendant GetMe's telemarkerters do not even have business email addresses.

103. While on the April 30, 2025, call, Darwich asked the caller for an email showing the health insurance policy that he was being solicited for. The caller stated: we don't have business emails; I'd have to use my personal one."

104. Additionally, when Darwich was finally provided with a contract, the contract did not identify Defendant Tobias or Defendant GetMe but rather referenced a completely unknown "ACA Agent". *Exhibit B.*

105. Defendant Tobias is aware of the TCPA and its regulations.

106. Defendant Tobias writes scripts that his agents use on illegal calls.

107. Defendant Tobias directs the telephone solicitors on which states to call and during which hours.

108. Defendant Tobias knowingly and willfully violates the TCPA because it benefits him.

109. Defendant Tobias is the namesake of Defendant GetMe and the sole owner, operator, and decision maker of Defendant GetMe.

110. Defendant Tobias' history and continued violations shows that he refuses to take any action to stop or curtail the unlawful sales practices and illegal unauthorized phone calls.

111. "If the officer directly participated in or authorized the statutory violation, even though acting on behalf of the corporation, he may be personally liable. See *United States v Pollution Serv. Of Oswego, Inc.*, 763 F.2d 133, 134-135 (2nd Cir.1985)

112. The "well-settled" tort rule provides that "when corporate officers directly participate in or authorized the commission of a wrongful act, even if the act is done on behalf of the corporation, they may be personally liable." *General Motos Acceptance Corp. v. Bates*, 954 F.2d 1081, 1085 (5th Cir. 1992). The Fifth Circuit has elaborated that "the thrust of the general [tort] rule is that the officer to be held personally liable must have some direct, personal participation in the tort, as where the defendant was the 'guiding spirit' behind the wrongful conduct….or the 'central figure' in the challenged corporate activity." *Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168, 174 (5th Cirt. 1985) (Citing *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F. 2d 902, 907 (1st Cir.1980)) (Citing *Texas v. American Blastfax, Inc.*, 164 F. Supp. 2d 892 (W.D. Tex. 2001)

113. At all times material to the Complaint, acting alone or in concert with others, Defendant Tobias has formulated, directed, controlled, had the authority to control, or participated in

the acts and practices of Defendant GetMe including the acts or practices set forth in this Complaint.

114. Defendant Tobias should be held jointly and severally liable for the violations alleged herein.

**<u>First Cause of Action</u>:**
**Violation of 47 U.S.C. § 227(c)**
**Do Not Call Provision**
**(Against All Defendants)**

115. Darwich realleges paragraphs one through one hundred and fourteen and incorporates them herein as if set forth here in full.

116. Darwich's telephone number is registered on the Federal Do Not Call Registry.

117. Defendants placed unsolicited phone calls to Darwich's DNC registered telephone without having his prior written consent to do so.

118. Defendants' actions agents constitute violations of 47 U.S.C. § 227(c) of the TCPA, by soliciting telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

119. As a result of its unlawful conduct, Defendants repeatedly invaded Darwich's personal privacy, causing him to suffer damages.

120. Darwich is entitled to an award of at least $500 in damages for each such violation (47 U.S.C. § 227(c)(5)(B)) or $1,500 if the violation is knowing or willful. 47 U.S.C. § 227(c)(5).

121. Each of the thirteen (13) calls were willful and/or knowing as all calls were made after Darwich made an explicit initial do not call me request and "do not call me" requests throughout.

122. Darwich also seeks a permanent injunction prohibiting Defendants from making telemarketing solicitations to his number.

**Second Cause of Action:**
**Violation of the FTSL**
**(Against All Defendants)**

123. Darwich realleges paragraphs one through one hundred and twenty two and incorporates them herein as if set forth here in full.

124. Each of the thirteen (13) calls were in violation of the FTSL: specifically Fla. Stat. § 501.059(2), as Defendant or Defendants' agent made an unsolicited telephonic sales call to a residential telephone number and did not identify himself by his or her true first and last names and the business immediately upon making contact by telephone with the person who was the object of the telephone solicitation.

125. Additionally, Defendants caused a telephonic sales call to be made to fail to transmit the originating telephone number and the name of the telephone solicitor to any caller identification service in use by a recipient of the telephonic sales call.

126. Lastly Darwich was unable to connect to any of the telephonic numbers that called him in violation of the FTSL.

**Third Cause of Action:**
**Violations of The Texas Business and Commerce Code § 302.101**
**(Against All Defendants)**

127. Darwich realleges paragraphs one through one hundred and twenty six and incorporates them herein as if set forth here in full.

128. Defendants solicited Darwich without having a valid Texas Solicitation Registration as required by section 302.101 of the Texas Business and Commerce Code.

129. As such Defendants may be liable for up to $5,000.00 per violation including costs of this action.

**Fourth Cause of Action:**
**Common Law Fraud**
**(Against All Defendants)**

130. Darwich realleges paragraphs one through one hundred and twenty nine and incorporates them herein as if set forth here in full.

131. Darwich never consented nor signed any authorization for Defendants to submit an application on behalf of Darwich to any health insurance provider.

132. Notwithstanding the above, shortly after the April 30, 2025, Darwich received an email stating that he had submitted an application.

133. Defendants are licensed insurance agents have an obligation to adhere to state and federal regulations.

134. Defendants cannot submit applications absent express and explicit authorization.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Omar Darwich, prays for the following relief:

A. An order declaring that the Defendants actions, as set out above, violate 227(c) of the TCPA;

B. An order declaring that the Defendants actions, as set out above, violate the TCPA willfully and knowingly;

C. An award of $1,500.00 per call in statutory damages arising from the TCPA §227(c) for each intentional violation and $500 for each unintentional violation;

D. An award of $1,500 per call (13) in statutory damages arising from each violation of the FTSL and $500 for each unintentional violation;

E. An award of $5,000.00 per call (13) in statutory damages arising from each violation of the Texas Business and Commerce Code § 302.101;

F. An injunction requiring Defendants to cease sending all unlawful calls;

G. An order, ordering Defendants to rescind Darwich's health care application and clarify that Darwich did not submit an application;

H. An award of any and all damages Darwich has or may suffer as a result of Defendants' fraudulent representation and application;

I. An injunction barring Defendants for soliciting for health insurances to any individual pending this litigation;

J. An award of reasonable fees and costs; and

K. Such further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated this 1st day of May 2025.

Respectfully Submitted,

/Omar F. Darwich/ ____________

Omar F. Darwich -Pro Se

6090 Surety Dr., #305
El Paso, TX 79935

(915) 671-2221
omar@darwichlegal.com